## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
## LONDON DIVISION

| | |
|---|---|
| IN RE | |
| CAMERON C. HOWARD | CASE NO. 18-60855 |
| DEBTOR | |
| JAMES R. WESTENHOEFER, *Trustee for Bankruptcy Estate of Cameron C. Howard* | PLAINTIFF |
| v. | ADV. NO. 18-06013 |
| VANDERBILT MORTGAGE AND FINANCE, INC., *et al* | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER

Chapter 7 Trustee James R. Westenhoefer ("Trustee") filed this adversary proceeding seeking a judgment avoiding the lien of Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") on the Debtor's manufactured home.  The Trustee maintains that his status as a hypothetical lien creditor pursuant to 11 U.S.C. § 544[1] entitles him to avoid the lien because Vanderbilt did not properly perfect its security interest under Kentucky law.  [ECF No. 1 ¶¶ 8-9.]  The Trustee and Vanderbilt filed cross motions for summary judgment.  [*See* ECF Nos. 12, 15.]  Vanderbilt properly perfected its lien, so it is entitled to summary judgment.

Jurisdiction of this matter is proper.  28 U.S.C. § 1334(b).  This is also a core proceeding. 28 U.S.C. § 157(b)(2)(K).  The facts in this case are undisputed [ECF No. 15-1 at 1] and

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

1

additional facts are not required. Therefore, there is no genuine dispute of material fact. FED. R. BANKR. P. 7056 (incorporating FED. R. CIV. P. 56 by reference).

On May 26, 2017, the Debtor obtained financing from Vanderbilt to purchase a manufactured home that he would place on land in Clinton County, Kentucky. [ECF No. 12, Exhs. A, B.] The Debtor granted a lien against the manufactured home to Vanderbilt to secure repayment of the debt. [ECF No. 12, Exh. B.] On May 26, the Debtor was a resident of Wayne County, Kentucky. [ECF No. 12, Exh. C.] He did not move to Clinton County until sometime after July 7, 2017. [*See* ECF No. 18 at 3 and Exh. B.]

The manufactured home is certificated property under Kentucky law. Kentucky has an established statutory scheme for perfection of a security interest in certificated property. *See* KY. REV. STAT. §§ 186A.190, 193, 195. The secured creditor submits information regarding the security interest to the county clerk where the debtor resides. KY. REV. STAT. § 186A.190(2). The county clerk then submits the data to the state for notation in the Automated Vehicle Information System and on the certificate of title. KY. REV. STAT. § 186A.190(1). Once the lien is recognized on the certificate of title, the lien is perfected. *Id.*

Vanderbilt filed a title lien statement in Wayne County, Kentucky, on June 21, 2017 [ECF No. 12, Exh. E], and the lien is noted on the certificate of title for the manufactured home. [ECF No. 1, Exh. D]. Therefore, Vanderbilt has a perfected security interest in the manufactured home. The Trustee maintains, however, that Vanderbilt should have filed the lien in Clinton County, the intended residence of the Debtor. The Trustee argues that "the dispositive issue in this case is whether the debtor's 'residence' is where the debtor lives when the home is purchased or if the debtor's 'residence' is where he lives when the home is delivered." [ECF No. 15-1 at 2.]

2

There is nothing in the statute that supports the Trustee's position.  Courts consistently interpret Ky. Rev. Stat. § 186A.190 according to its plain meaning.  *See In re Godsey*, 2012 Bankr. LEXIS 113, *5 (Bankr. E.D. Ky. Jan. 11, 2012) and cases cited therein.  The statue uses the present tense when it requires filing in "the county in which the debtor resides."  KY. REV. STAT. § 186A.190(2).  "If the language of a statute is 'clear and unambiguous and if applying the plain meaning of the words would not lead to an absurd result, further interpretation is unwarranted.'"  *Palmer,* 2010 Bankr. LEXIS 4716, at *5 (quoting *Autozone, Inc. v. Brewer*, 127 S.W.3d 653, 655 (Ky. 2004)).

The requirement that the creditor file a title lien statement in the county clerk's office where the debtor resides is unambiguous and fully supported by existing case law.  KY. REV. STAT. § 186A.190(2); *see also Vanderbilt Mortg. & Fin. v. Westenhoefer,* 716 F.3d 957, 961-62 (6th Cir. 2013) (a secured creditor must file a title lien statement with the clerk of the debtor's county of residence); *Vanderbilt Mortg. & Fin., Inc. v. Higgason (In re Pierce),* 471 B.R. 876, 883-84 (B.A.P. 6th Cir. 2012) (statute requires filing title lien statements in the county of debtor's residence), *aff'd sub nom., Higgason v. Vanderbilt Mortg. & Fin. Inc. (In re Pierce),* No. 12-5763, 2013 U.S. App. LEXIS 13634 (6th Cir. July 2, 2013); *Palmer v. Vanderbilt Mortg. & Fin. (In re Walling),* Case No. 10-51619, Adv. No. 10-5076, 2010 Bankr. LEXIS 4716, at *9-10 (Bankr. E.D. Ky. Dec. 20, 2010) (requiring filing in the count of residence under § 186A.190 is consistent with the entire statutory scheme of Chapter 186A).

The steps for perfection occurred while the Debtor was a resident of Wayne County in compliance with Kentucky law.  There is no valid reason to interpret Ky. Rev. Stat. § 186A.190 to apply to a proposed future residence.  Summary judgment is granted on Vanderbilt's Motion

for Summary Judgment. [ECF No. 12]. The Trustee's motion for summary judgment is denied. [ECF No. 15.] A judgment will be entered in conformity with this opinion.

4

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Friday, December 14, 2018**
(grs)